UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| GAGE E. SERVICES, LLC, | ) | CIV. 12-4115-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ANGELVISION TECHNOLOGIES, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

     Plaintiff, Gage E. Services, LLC, filed an action in South Dakota state court against defendant, AngelVision Technologies, Inc., alleging that AngelVision engaged in improper practices related to unsolicited commercial email advertising. Docket 1-1. AngelVision removed the action to this court. Docket 1. AngelVision moves to dismiss the claim and alleges that Gage Services has failed to state a claim upon which relief can be granted because complete preemption is a bar to these improperly pleaded state-law claims. Docket 4. Gage Services moves to remand the cause of action to state court because it asserts that the court does not have subject matter jurisdiction to hear the claim because an allegation of preemption acts as a defense rather than as a basis for jurisdiction or, alternatively, Gage Services moves to amend its complaint. Docket 6. AngelVision resists both motions. Docket 8. For the following reasons, the motion to dismiss and motion to remand are denied. Leave to amend Gage Services' complaint is granted.

## BACKGROUND

Gage Services is a limited liability company incorporated in South Dakota with its principal place of business in Sioux Falls, South Dakota. AngelVision is an Oregon corporation with its principal place of business in Oregon. Gage Services served a summons and complaint on AngelVision on May 30, 2012. Counsel for AngelVision executed and returned an admission of service of the summons and complaint. On June 27, 2012, AngelVision filed its notice of removal. After Gage Services filed its complaint in state court, the claim was removed to this court on June 28, 2012.

Gage Services alleges that AngelVision sent or caused to be sent at least five unsolicited commercial email advertisements, or spam,[1] to South Dakota email addresses owned by Gage Services. Gage Services brought its claims under the Deceptive Trade Practices and Consumer Protection chapter of the South Dakota Codified Law or specifically SDCL 37-24-6 and SDCL 37-24-41-48. Gage Services alleges four counts in its complaint: (1) unsolicited commercial email advertising; (2) collection of email addresses to initiate unsolicited commercial email advertisements; (3) obtaining email addresses by automated means to initiate unsolicited commercial email advertisements; and (4) deceptive acts or practices. Docket 1-1 at 2-3.

---

[1] "While 'spam' in this context does not have a precise definition, it is typically understood to refer broadly to unsolicited email messages (or 'junk' email), typically commercial in nature." *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1045 (9th Cir. 2009) (citation omitted).

On July 5, 2012, AngelVision moved to dismiss this cause of action. Docket 4. AngelVision asserts that original jurisdiction exists in federal court because Gage Services' state-law claims are completely preempted under the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 (the Act or CAN-SPAM). Docket 1 at 1. AngelVision also claims that Gage Services has failed to state a claim upon which relief can be granted, and dismissal is proper. On July 13, 2012, Gage Services moved to remand the cause of action to state court and resisted the motion to dismiss. Docket 7. Gage Services argues that CAN-SPAM does not completely preempt the field, it can only act as a defense, there is no federal element in this case, and removal was improper. In the alternative, Gage Services moves for leave to amend its complaint if the court finds that jurisdiction exists and the case was properly removed.

## DISCUSSION

### I. Removal

Under 28 U.S.C. § 1441 there can be removal of an action to federal court for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). "Under the well pleaded complaint rule, a federal question must appear on the face of the plaintiff's complaint in order to create federal question jurisdiction." *Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 247 (8th Cir. 2012) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If a district court lacks original jurisdiction then removal was improper because there is no subject matter jurisdiction over

3

the claims, and the case must be remanded back to state court. *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) (citation omitted). "The party opposing remand has the burden of establishing federal subject-matter jurisdiction." *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002) (citation omitted).

Whether removal jurisdiction exists over claims originally filed in state court is typically determined by the face of the plaintiff's complaint as it exists at the time of removal. *M. Nahas & Co. v. First Nat'l Bank of Hot Springs*, 930 F.2d 608, 611 (8th Cir. 1991). There is, however, "an exception to the well-pleaded complaint rule: 'a plaintiff cannot thwart the removal of a case by inadvertently, mistakenly or fraudulently concealing the federal question that would necessarily have appeared if the complaint had been well pleaded.' " *Id.* at 612 (quoting 1A *Moore's Federal Practice* ¶ 0.160 at 234 (1990 ed.)). "A federal defense, including the defense that one or more claims are preempted by federal law, does not give the defendant the right to remove to federal court." *Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536, 542-43 (8th Cir. 1996) (citation omitted).

## II.   Complete Preemption

The parties agree that Congress expressly provided that some level of federal preemption applies when courts are faced with issues dealing with unsolicited email marketing or the application of CAN-SPAM. The question is whether the type of preemption at issue in this case is the sort that acts as a defense to a claim, which would not provide the requisite original jurisdiction for

4

removal, or whether the preemption is so complete that it occupies the field and provides the original jurisdiction necessary to make this matter removable.

Complete preemption exists when a federal statute " 'so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal.' " *Johnson*, 701 F.3d at 247 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). If the court concludes that there is complete preemption then the resulting effect on jurisdiction is that " 'the plaintiff has simply brought a mislabeled[2] federal claim, which may be asserted under some federal statute.' " *Id.* (quoting *King v. Marriott Int'l Inc.*, 337 F.3d 421, 425 (4th Cir. 2003)). "Sometimes there is confusion between complete preemption and what has been termed 'ordinary preemption[,]' " which "is a federal defense that exists where a federal law has superseded a state law claim." *Id.* at 248 (citations omitted). Courts rarely reach the conclusion that complete preemption exists and to do so they must conclude that the statute has "extraordinary pre-emptive power[.]" *Id.* at 247 (quoting *Metro. Life*, 481 U.S. at 65).

The touchstone for determining whether complete preemption applies is the intent of Congress. *Gaming Corp.*, 88 F.3d at 544 (citation omitted). Thus, the

---

[2] "In concluding that a claim is completely preempted, a federal court finds that Congress desired not just to provide a federal defense to a state law claim but also to replace the state law claim with a federal law claim and thereby give the defendant the ability to seek adjudication of the claim in federal court." 14B Charles Alan Wright et al., *Federal Practice and Procedure* § 3722.2 at 418-19 (4th ed. 2009).

court asks whether federal preemption is so strong that " 'there is . . . no such thing as a state-law claim[,]' " and whether Congress intended for the federal statute to offer " 'the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action.' " *Johnson*, 701 F.3d at 248 (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8, 11 (2003)). If the federal statute is intended to be the exclusive type of claim and it provides remedies and procedures to govern that claim, then it is removable. *Id.*

It appears that no circuit court has specifically addressed the issue of whether complete preemption applies in a CAN-SPAM context such that original jurisdiction is present and the cause of action is removable.[3] Other courts have analyzed whether preemption applies in general, but not in the factual or procedural sequence that exists here.[4] The court's first step is to analyze the language of the pertinent federal statute to gauge Congress's intent.

CAN-SPAM provides that a person who initiates the transmission of a "commercial electronic mail message" that is "materially false or materially misleading" is engaging in unlawful conduct. 15 U.S.C. § 7704(a)(1). CAN-SPAM contains an express preemption clause that provides:

> [t]his chapter supersedes any statute, regulation, or rule of State . . . that expressly regulates the use of electronic mail to send

---

[3] "[T]he case law regarding the relevant legal standards under the CAN-SPAM Act is 'scant.' " *Gordon*, 575 F.3d at 1048-49 (citations omitted).

[4] Only the Fourth and Ninth Circuit Courts of Appeals seem to have analyzed this issue in great detail. *Gordon*, 575 F.3d at 1048; *Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348 (4th Cir. 2006).

commercial messages, except to the extent that any such statute, regulation, or rule prohibits falsity or deception[5] in any portion of a commercial electronic mail message or information attached hereto.

15 U.S.C. § 7707(b)(1). The statute also places a limitation on the scope of the preemption, and does not "preempt the applicability of (A) State laws that are not specific to electronic mail, including State trespass, contract, or tort law; or (B) other State laws to the extent that those laws relate to acts of fraud or computer crime." 15 U.S.C. § 7707(b)(2).

From the language of CAN-SPAM itself it appears that Congress did intend for these specific types of federal claims to completely occupy the field as it relates to spam emails that do not include assertions of fraud. The use of the word supersede indicates Congress's intent that the federal act displace all state-law causes of action that are related to email marketing, but unrelated to falsity or deception. Moreover, the plain language of the purpose of the Act discusses the need for national uniformity over spam emails because states are adopting differing laws and the nature of emails is such that it is not readily ascertainable to conclude from which state the emails were sent, and thus, which state law applies to the action.[6] For these reasons, it would appear on the face of the

---

[5] Gage Services has not alleged that this is an example where the court should apply CAN-SPAM's savings clause or the state-law exemption for a statute that regulates falsity or deception through email.

[6] This section, in its entirety, provides:

Many States have enacted legislation intended to regulate or reduce unsolicited commercial electronic mail, but these statutes impose different standards and requirements. As a result, they do not

statute that Congress intended for complete preemption to apply–at least to the types of claims that are not "saved" under the language of the Act.

When examining whether complete preemption exists, the Eighth Circuit Court of Appeals has stated that a "vital feature of complete preemption is the existence of a federal cause of action that replaces the preempted state cause of action." *Johnson*, 701 F.3d at 250. The Eighth Circuit also stated that the inquiry is not whether the party has a federal remedy but "whether there is a federal cause of action." *Id.* at 252. Thus, a factor for the court to consider beyond Congress's intent is whether the plaintiff has a federal private right of action to pursue in lieu of the state claim and whether the federal act sets forth procedures or remedies governing the claim. *Id.* at 252-53.

Perhaps most relevant to this case is that Gage Services has alleged that it is a type of entity–a provider of Internet access services–that has a private right of action under the Act because Congress established that only a narrow sliver of the populous has standing to sue under CAN-SPAM. Specifically, CAN-SPAM "does not provide a cause of action for private citizens; rather, only the FTC, various other federal agencies, a state attorney general on behalf of residents, or

---

appear to have been successful in addressing the problems associated with unsolicited commercial electronic mail, in part because, since an electronic mail address does not specify a geographic location, it can be extremely difficult for law-abiding businesses to know with which of these disparate statutes they are required to comply.

15 U.S.C. § 7701(11).

providers of Internet access services[7] may bring lawsuits enforcing the CAN-SPAM Act." *Martin v. CCH, Inc.*, 784 F. Supp. 2d 1000, 1004 (N.D. Ill. 2011) (citing 15 U.S.C. § 7706; *Madorsky v. Does*, Civ. No. 06-0123, 2006 WL 1587349, at *2 (N.D. Ohio June 8, 2006)). The Act offers a limited private right of action that states: "A provider of Internet access service adversely affected by a violation of [the Act] . . . may bring a civil action in any district court[,]" to protect itself from further harm or to recover actual or statutory damages. 15 U.S.C. § 7706(g)(1). According to the Ninth Circuit Court of Appeals, "Congress's intent was to limit enforcement actions to those best suited to detect, investigate, and, if appropriate, prosecute violations of the CAN-SPAM Act . . . and enforce federal law for the benefit of all consumers." *Gordon*, 575 F.3d at 1050.

Although Gage Services did not plead that it qualifies as a provider of Internet access services in its state court complaint, it admitted that it would qualify as a provider of Internet access services in its filings here. Gage Services also asked for leave to file an amended complaint that pleads such a status if the court finds complete preemption exists, and it admitted that it specifically did not plead this fact to remain in state court as the master of its own complaint. This is the type of jurisdictional fact, however, that would provide the basis for original jurisdiction under complete preemption and can be considered now even

---

[7] This term refers to "a service that enables users to access content, information, electronic mail, or other services offered over the Internet, and may also include access to proprietary content, information, and other services as part of a package of services offered to consumers[.]" 15 U.S.C. § 7702(11).

though it was not included in the state court complaint. *See M. Nahas & Co.*, 930 F.2d at 612 (stating that in cases where complete preemption is at play "there is an exception to the well-pleaded complaint rule: 'a plaintiff cannot thwart the removal of a case by inadvertently, mistakenly or fraudulently concealing the federal question that would necessarily have appeared if the complaint had been well pleaded.' "); *see also Mueller v. RadioShack Corp.*, Civ. No. 11-0653, 2011 WL 6826421, at *1 n.2 (D. Minn. Dec. 28, 2011) ("As always, in determining whether jurisdiction exists, a court is not limited to the allegations in the complaint, but must instead assess jurisdiction on the basis of all the facts known to it.") (citing *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833-34 (8th Cir. 2005)).

Thus, unlike the majority of individuals who would not have standing and could not sue under CAN-SPAM, Gage Services as an alleged Internet access services provider would have a private right of action under the federal act. *See Gordon*, 575 F.3d at 1050 ("We believe that Congress's clear intention to restrict private action [to government entities and providers of Internet access services] remains of great importance and guides the proper standing analysis."). While Gage Services pleaded its claim in state court as though it lacked a federal cause of action, this is not an instance where Gage Services would have been left without a cause of action[8] if its state-law claims were preempted. *See Johnson*,

---

[8] *See Johnson*, 701 F.3d at 251 ("Although complete preemption requires that a federal cause of action be available to the plaintiff, it does not ensure that

701 F.3d at 252 (concluding "that without a federal cause of action which in effect replaces a state law claim, there is an exceptionally strong presumption against complete preemption. This presumption exists separate from any traditional reticence courts may have to conclude that Congress meant to leave a claimant without any remedy."). This type of claim brought by this type of plaintiff[9] is what Congress intended to be brought in federal court and is, in reality, a federal cause of action. *See Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1144 (8th Cir. 1992) (converting state common law claim into one that states a federal action when complete preemption applies, and "the claim is completely federal from the beginning.").

    Ordinarily, the cause of action would be dismissed because Gage Services did not plead its status as an Internet access services provider; but here, Gage Services asked for leave to amend its complaint to plead that it is an Internet access services provider under that definition in CAN-SPAM. A district court should freely give plaintiff leave to amend its complaint when justice requires it. Fed. R. Civ. P. 15(a). Such motions are not granted, however, if they would be futile or would not further the plaintiff's cause of action. The court has already concluded that if Gage Services amends its complaint to allege that it is a

---

the plaintiff will find the remedy she seeks.").

    [9] *Cf. RJ Prod. Co. v. Nestle USA, Inc.*, Civ. No. 10-0584, 2010 WL 1506914, at *1 (D.D.C. Apr. 15, 2010) (following removal from state court via CAN-SPAM, district court dismissed the federal claim and remanded the state claims because it concluded plaintiff did not have standing as a provider of Internet services).

11

provider of Internet access services then Gage Services could have a private cause of action in federal court, the court presumes that complete preemption applies, and Gage Services' state-law claim is essentially federal in nature and removable. *See Johnson*, 701 F.3d at 252 ("Courts should generally be highly reluctant to find complete preemption when there is no substitute federal cause of action," which "would make it doubtful that Congress intended" the federal statute to be the exclusive cause of action.). The court will give Gage Services thirty days from the entry of this order to file its amended complaint.

AngelVision argues that even if the court granted leave for Gage Services to amend its complaint that it would not save Gage Services' claims under the futility doctrine because Gage Services would still fail to state a claim. Gage Services' future success on the merits, however, is not part of the court's consideration on a motion to amend the complaint. *See Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999) (citation omitted) ("Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous."). Because the court granted Gage Services' request for leave to amend its complaint, AngelVision's motion to dismiss the original complaint is moot at this stage of the litigation. *See Forslund v. Stryker Corp.*, Civ. No. 09-2134, 2011 WL 1868181, at *1 (D. Minn. May 12, 2011) ("[T]he court grants the motion for leave to amend the complaint. As a result, the motion to dismiss is moot."). Therefore, the court will not make a determination on the

futility argument or decide the motion to dismiss prior to considering the pleaded facts and claims within the amended complaint.

## CONCLUSION

Complete preemption applies to CAN-SPAM when Gage Services, as an Internet access services provider, has a federal cause of action available to it and because Congress included a preemption clause that expressly stated that this type of claim is a federal cause of action and is the sole vehicle through which Gage Services may seek relief. Gage Services will be given leave to amend its complaint to assert its claim as an Internet access services provider and to allege its federal cause of action under CAN-SPAM. Accordingly, it is

ORDERED that AngelVision's motion to dismiss (Docket 4) is denied as moot.

IT IS FURTHER ORDERED that Gage Services' motion to remand (Docket 6) is denied.

IT IS FURTHER ORDERED that Gage Services will have thirty days from the entry of this order to file its amended complaint.

Dated January 24, 2013.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE