UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GAGE E. SERVICES, LLC, | ) | CIV. 12-4115-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | DEFENDANT'S |
| ANGELVISION TECHNOLOGIES, INC., | ) | MOTION TO DISMISS |
| | ) | |
| Defendant. | ) | |

Defendant, AngelVision Technologies, Inc., moves for a second time to dismiss the complaint of plaintiff, Gage E. Services, LLC. Gage then moved for voluntary dismissal with prejudice. Each party opposes the other's motion.

On January 24, 2013, the court determined that Gage's state-law claim was completely preempted by the CAN-SPAM Act and gave Gage 30 days to amend its complaint. Gage failed to file an amended complaint within the 30 days. As a result, AngelVision filed its renewed motion to dismiss with prejudice on February 27, 2013. In response, on March 6, 2013, Gage moved for voluntary dismissal of its complaint with prejudice pursuant to Rule 41(a)(2). The only issue before the court is whether the motion to dismiss of AngelVision or Gage should be granted.

In determining whether to grant a motion to dismiss under Rule 41(a)(2), the court should consider: (1) whether the plaintiff has presented a proper explanation for the desire to dismiss, (2) whether the defendant has expended considerable effort and expense in defending the action, (3) whether there has

been excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, and (4) whether motions for summary judgment or dismissal have been filed by the defendant. *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). *See also Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998).

Here, Gage was given 30 days to file an amended complaint and failed to do so. Gage explains why it is now moving for dismissal, but it puts forth no explanation as to why it did not move to dismiss the action during that 30-day period. As a result, AngelVision expended effort and expense to make a second motion to dismiss. Gage did not file its motion for voluntary dismissal until AngelVision filed its second motion to dismiss. Both parties agree that the action should be dismissed with prejudice. After considering all the factors, the court finds that they weigh in AngelVision's favor. It is

ORDERED that AngelVision Technologies, Inc.'s renewed motion to dismiss (Docket 12) is granted.

IT IS FURTHER ORDERED that Gage E. Services, LLC's motion for voluntary dismissal (Docket 13) is denied as moot.

Dated May 21, 2013.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE