UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| GAGE E. SERVICES, LLC, | ) | CIV. 12-4115-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ANGELVISION TECHNOLOGIES, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Gage E. Services, LLC, filed an action in South Dakota state court against defendant, AngelVision Technologies, Inc., alleging state-law claims that AngelVision engaged in improper practices related to unsolicited commercial email advertising. Docket 1-1. AngelVision removed the action to this court and moved to dismiss the claims alleging that Gage Services failed to state a claim upon which relief could be granted because complete preemption is a bar to the improperly pleaded state-law claims. Docket 4. This court found that Gage Services' claims were completely preempted by federal law and that Gage Services had thirty days to amend its complaint to allege its federal cause of action under CAN-SPAM. Docket 11 at 13. Because Gage Services did not amend its complaint, the complaint was dismissed with prejudice. Docket 16. AngelVision now moves for an award of attorneys' fees and expenses as the prevailing party. Docket 17.

**DISCUSSION**

Under the American Rule, "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1175 (2013). This rule applies under the application of both federal law and the law of South Dakota. *Id.;* SDCL 15-17-38. The presumption is against an award of attorneys' fees. *Marx* at 1175.

AngelVision contends that it is entitled to an award of attorneys' fees under a provision of CAN-SPAM which provides as follows:

> In any action brought pursuant to paragraph (1), the court may, in its discretion, require an undertaking for the payment of the costs of such action, and assess reasonable costs, including reasonable attorneys' fees, against any party.

15 U.S.C. § 7706(g)(4). Paragraph (1) authorizes a provider of internet access service to bring a civil action in federal court against a person who violates certain enumerated provisions of 15 U.S.C. § 7704. See 15 U.S.C. § 7706(g)(1).

Gage Services brought this action in state court alleging violations of several state statutes, namely SDCL 37-24-6, 37-24-31, 37-24-42, 37-24-44, and 37-24-45. Because Gage Services did not bring its action under § 7704, the attorneys' fees provision of CAN-SPAM does not authorize an award of attorneys' fees as costs to the prevailing party. Gage Services was specifically given an opportunity to amend its complaint to bring a claim under CAN-SPAM, but chose not to. As a result, the complaint was dismissed. Because the

2

action was brought under state law and not § 7704 of CAN-SPAM, an award of attorneys' fees is not authorized under CAN-SPAM.

In the alternative, even if attorneys' fees were statutorily authorized, the court would not award attorneys' fees under the circumstances here. As AngelVision acknowledged in its brief, this was an issue of first impression and AngelVision "made new law in the process." Docket 20, p.2. This is the type of case where the American Rule should be applied and both parties should pay their own attorneys' fees.

## CONCLUSION

AngelVision is not entitled to an award of attorneys' fees under the facts and circumstances of this case. Accordingly, it is

ORDERED that AngelVision's motion for attorneys's fees and expenses (Docket 17) is denied.

Dated October 22, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE